IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LARRY EUGENE YARBROUGH, )
)
         Petitioner, )
)
vs. )   No. CIV-99-632-L
)
JAMES L. SAFFLE, )
)
         Respondent. )

FILED NOV 1 2 1999

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner challenges the convictions entered against him in the District Court of Kingfisher County, Case Nos. CF-94-86, CM-94-190, and CM-97-7, in which he was convicted following a jury trial of Trafficking in Illegal Drugs After Former Conviction of Two or More Felonies (Case No. CF-94-86), Unlawful Possession of Paraphernalia (Case No. CM-94-190), and Unlawful Possession of Marijuana (Case No. CM-97-7), for which he was sentenced to concurrent terms of imprisonment of life without parole, 6 months, and 6 months, respectively.[1] Respondent has moved to dismiss the Petition

---

[1]The record is not clear as to whether Petitioner has served the sentences imposed for the misdemeanor convictions. If he has completed these sentences, the lack of custody may present an obstacle to federal habeas review. See *e.g.*, Maleng v. Cook, 490 U.S. 488, 492 (1989) (once sentence imposed for conviction has expired, individual is no longer "in custody" for purposes of a habeas attack on that conviction); Lane v. Williams, 455 U.S. 624, 631 (1982) (if habeas petitioner

1

for failure to exhaust state court remedies, and Petitioner has responded to the motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Inasmuch as the matter may be resolved on the basis of the record and the law, and because Petitioner has not shown a justifiable failure to develop the factual bases of his claims in state court, an evidentiary hearing is not necessary. 28 U.S.C. §2254(e)(2); Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). For the following reasons, it is recommended that the motion be granted and the Petition be dismissed without prejudice.

The record shows that in his direct appeal from the convictions he challenges herein Petitioner raised eleven grounds for relief. Brief in Support of Motion to Dismiss, Ex. B. He asserted that (1) "the trial court erred when it failed to reveal to counsel she had a familial relationship with a material witness in the states's case and failed to disqualify herself from the case"; (2) "the trial court erred when it refused to allow defense counsel to make an offer of proof and summarily overruled appellant's second motion for new trial"; (3) "the trial court erred when it failed to recuse prior to jury trial after the judge had attested to the veracity of one of the state's witnesses, intimated an opinion as to the truth and veracity of a co-conspirator, had indicated her bias and prejudice toward appellant through various rulings and comments on the record and required the state's prosecutor and another attorney to be present during defense counsel's attempted in-camera request for recusal"; (4)

---

attacks only sentence and sentence has expired, federal court lacks jurisdiction).

"appellant was unduly prejudiced at preliminary hearing in that his attorney was representing all three defendants in drug conspiracy charges"; (5) "appellant was denied his right to a speedy and fair trial"; (6) "evidence seized at the time of appellant's arrest should have been suppressed as the search warrant was improperly issued and executed"; (7) "unauthorized communication between a member of law enforcement and a member of the jury during jury deliberations warrants reversal of appellant's convictions"; (8) "separation of the jury during deliberations is fundamental error requiring reversal of appellant's convictions"; (9) "the trial court erred when it refused to give an Allen instruction after the jury advised the court that it was hopelessly deadlocked"; (10) "cumulative prosecutorial misconduct in this case warrants reversal and remand for a new trial"; and (11) "the trial court erred in refusing to give appellant's requested jury instruction regarding his theory of defense."

The first eleven grounds for relief raised in the Petition are the same issues as those asserted in his direct appeal. Respondent concedes, and the record clearly shows, that the Petitioner has satisfied the exhaustion requirement codified at 28 U.S.C. §2254(b)(1) as to these eleven claims. However, Petitioner has alleged in ground twelve that he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal. Petitioner has never presented these Sixth Amendment claims to the state courts. Respondent contends that Petitioner has not satisfied the exhaustion requirement codified in 28 U.S.C. §2254(b)(1) as to these claims and that the Petition should be dismissed on this basis. Petitioner does not controvert this assertion.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant

3

to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); see Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). In this circuit, a petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992); see also 28 U.S.C. §2254(b)(1)(B)(i) and (ii). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398 (habeas petitioner has burden of showing exhaustion or application of exception to exhaustion requirement); accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

Exceptions to the exhaustion requirement have been recognized (1) where the state has resolved the same issue, as in Brown v. Allen, 344 U.S. 443, 447 (1953), and Goodwin v. Oklahoma, 923 F.2d 156, 158 (10th Cir. 1991); (2) "where the claim has been presented as of right but ignored (and therefore impliedly rejected)," as recognized in Castille v. Peoples, 489 U.S. 346, 351 (1989); and (3) where "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would...find the claims procedurally barred," as recognized in Coleman v. Thompson, 501 U.S. 722, 732

4

(1991). In addition, in Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991), the circuit court recognized that exhaustion of state court remedies is excused where circumstances exist causing the remedial process to be "ineffective to protect the rights of the prisoner." Id. at 1064.

In his response to the Motion to Dismiss, Petitioner appears to argue that he should be excused from exhaustion of the Sixth Amendment claims because he would be procedurally barred from raising the claims in state court. The Petitioner appealed his convictions, but he has not pursued any other post-conviction remedies. The Oklahoma post-conviction relief statute, Okla. Stat. tit. 22, §§1080-1086 (1991), permits the review of otherwise time-barred collateral challenges to convictions, provided the petitioner follows certain procedures and articulates special circumstances showing sufficient reason for his failure to raise the issue on direct appeal. White v. Meachum, 838 F.2d at 1138; see also Webb v. State, 661 P.2d 904 (Okla.Crim.App.), cert. denied, 461 U.S. 959 (1983). Thus, Petitioner has an available state remedy. Because Petitioner has failed to demonstrate either that he has satisfied the exhaustion requirement or that he has "no available state avenue of redress," the Petition should be dismissed without prejudice pending exhaustion of state remedies as to the claims asserted in ground twelve.

Finally, the one-year limitation period prescribed in 28 U.S.C. §2254(d)(1) is not tolled during the time that Petitioner's federal habeas Petition has been pending in this Court. Pedraza v. State of Oklahoma, No. 98-7127, 1999 WL 644814 (10th Cir. Aug. 25, 1999) (unpublished disposition cited as persuasive authority pursuant to Tenth Cir.R. 36.3). The

limitation period is, however, "subject to equitable tolling where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Temple v. Kaiser, No. 99-6030, 1999 WL 824436 (10th Cir. Oct. 15, 1999) (unpublished disposition cited as persuasive authority pursuant to Tenth Cir.R. 36.3). Because the instant Petition should be dismissed for nonexhaustion, it is premature to reach the issue of equitable tolling of the limitation period applicable to any future habeas petition filed by Petitioner following his exhaustion of state court remedies. Nevertheless, because the limitation period will have expired prior to the filing of a second habeas petition by Petitioner, Petitioner is advised that he has the option to either (1) return to state court and exhaust available state remedies or (2) amend his Petition to present only exhausted federal claims. Rose v. Lundy, 455 U.S. at 510. If Petitioner chooses to amend his Petition to raise only exhausted claims, he may forfeit future consideration of his unexhausted claims. Id. at 520-521. On the other hand, if Petitioner chooses to return to state court to exhaust state court remedies, he may forfeit habeas review of all of his claims due to the expiration of the limitation period in 28 U.S.C. §2244(d)(1) unless he presents circumstances warranting equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, ___ U.S. ___, 119 S.Ct. 210 (1998). Accordingly, unless an Amended Petition is filed within twenty (20) days of this date, the Petition should be dismissed without prejudice.

Additionally, for the reasons set forth herein, Petitioner fails to make a substantial showing of the denial of a constitutional right. Accordingly, the 28 U.S.C. §2253 Certificate of Appealability required to appeal the denial of the 28 U.S.C. §2254 Petition for a Writ of

6

Habeas Corpus should be denied.

## RECOMMENDATION

In view of the foregoing reasons, it is recommended that the Motion to Dismiss (Doc. #9) be granted and that the Petition be dismissed without prejudice. It is also recommended that a Certificate of Appealability be denied. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before November 29, 1999, in accordance with 28 U.S.C. §636 and LCvR 72.1. The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 12th day of November, 1999.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE